```
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JON D. SLATER,                    )  CIVIL NO. 12-00290 HG-RLP
                                  )
           Plaintiff,             )  FINDINGS AND RECOMMENDATION
                                  )  THAT PLAINTIFF'S MOTION FOR
      vs.                         )  DEFAULT JUDGMENT BE GRANTED
                                  )
PRA RECOVERY aka PRA RECOVERY,    )
INC. AND ANDREW KLEIN,            )
                                  )
           Defendants.            )
_____ )
```

### FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED[1]

Before the Court is Plaintiff Jon D. Slater's Motion for Default Judgment, filed on August 28, 2012 ("Motion"). ECF No. 10. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 13. Defendants were served with a copy of the Motion, but no opposition or other response to the Motion was filed. After careful consideration of the Motion, the supporting declarations and exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED and Plaintiff be awarded damages in the amount of $8,308.24.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

## BACKGROUND

Plaintiff filed his First Amended Complaint ("FAC") on June 14, 2012, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and violations of Hawaii Revised Statutes Chapters 443B and 480. FAC ¶¶ 17-23. Plaintiff brought suit against PRA Recovery aka PRA Recovery, Inc. ("PRA"), which Plaintiff alleges is an "entity doing business in the State of Hawaii as a collection agency and debt collector." FAC ¶ 4. Plaintiff also brought suit against Andrew Klein, "an individual doing business in the State of Hawaii as a debt collector." FAC ¶ 5.

Plaintiff alleges that on April 13, 2012, Defendants sent Plaintiff an email demanding payment of an alleged debt that was incurred primarily for personal, family, or household purposes. FAC ¶¶ 7, 14. On that same day, Plaintiff called PRA and spoke with Mr. Klein, explaining that Plaintiff had paid the alleged debt on March 1, 2012. FAC ¶ 8. Plaintiff sent an email to Defendants stating that the debt had been paid and attaching proof of payment. FAC ¶ 9. On April 26, 2012, Defendants sent a letter to Plaintiff regarding the same debt demanding payment and threatening legal action. FAC ¶ 10. On May 3, 2012, Plaintiff sent a letter to Defendants disputing the debt. FAC ¶ 11. On May 9, 2012, Defendants sent a second letter to Plaintiff demanding payment and again threatening legal action. FAC ¶ 13.

Plaintiff alleges that he does not owe Defendants anything and does not have any obligation under the alleged debt.  FAC ¶ 15.

PRA and Andrew Klein were served by certified mail on June 15, 2012, pursuant to Hawaii Revised Statutes Sections 634-35 and 634-36.  <u>See</u> Return of Service by Decl. of John Harris Paer ¶¶ 2-3; Decl. of John Harris Paer submitted in support of Plaintiff's Request for Entry of Default ¶ 2.  The Clerk entered default against Defendants on August 3, 2012.  ECF No. 8.  The present Motion followed.  In the present Motion Plaintiff requests that the Court grant default judgment against Defendants and award $2,000.00 in statutory damages, $5,355.00 in actual damages, $10,000.00 in punitive damages, $6,533.28 in attorney's fees, and $359.00 in costs.  Mem. in Supp. of Mot. at 5.

## DISCUSSION

Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  <u>Valley Oak Credit Union v. Villages</u>, 132 B.R. 742, 746 (9th Cir. 1991); <u>see also</u> Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for the entry of default judgment is within the discretion of the court.  <u>Haw. Carpenters Trust Funds v. Stone</u>, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in

deciding a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. <u>Eitel</u>, 782 F.2d at 1471-72. On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which he is entitled. <u>Fair Hous. of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002). Also, necessary facts not contained in the pleadings and claims that are legally insufficient are not established by default. <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A. Jurisdiction**

As a preliminary matter, this Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendants. <u>See</u> <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999)

("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

### 1. Subject Matter Jurisdiction

Plaintiff seeks relief pursuant to a cause of action authorized by 15 U.S.C. § 1692k. As a result, the Court has federal question subject matter jurisdiction over this case. See 28 U.S.C. § 1331. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims against Defendants. See 28 U.S.C. § 1367(a).

### 2. Personal Jurisdiction

Personal jurisdiction is proper if it is consistent with Hawaii's long-arm statute and it comports with due process. See Boschetto v. Hansing, 539 F.3d 1011, 1021-22 (9th Cir. 2008). Because Hawaii's long-arm statute, Hawaii Revised Statute § 634-35, reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process permits the exercise of personal jurisdiction. Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004)). For due process to be satisfied, a non-resident defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction

"does not offend traditional notions of fair play and substantial justice." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945)). The Ninth Circuit applies a three-part test to determine specific personal jurisdiction: (a) did the defendant purposefully avail itself of the privilege of conducting activities in the forum state; (b) does the claim relate to the defendant's forum related activities; and (c) is the exercise of jurisdiction reasonable. See Boschetto, 539 F.3d at 1021 (citing Schwarzenegger, 374 F.3d at 802).

    **a. Purposeful Availment**

The purposeful availment requirement is satisfied if the defendant "has taken deliberate action" toward the forum state. Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)). This requirement ensures that a non-resident defendant will not be haled into court based upon "random, fortuitous or attenuated" contacts with the forum state. Id. (quoting Burger King Corp. V. Rudzewicz, 471 U.S. 462, 475 (1985)). A defendant need not have physical contacts with the forum, so long as its efforts are "purposefully directed" toward forum residents. Id. A defendant's efforts are "purposefully directed" if the defendant (1) committed an intentional act (2) expressly aimed at the forum state that (3) caused harm that the

6

defendant knew was likely to be suffered in the forum state. See Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1087 (9th Cir. 2000) (citing Calder v. Jones, 465 U.S. 783 (1984)).

Taking all allegations as true, the Court finds that Defendants' efforts were purposefully directed toward Plaintiff, a Hawaii resident. Defendants sent an email and two letters to Plaintiff, who is a resident of Hawaii. See Compl. at Exs. A, C, and F. See Bancroft & Masters, 223 F.3d at 1087-88 (finding specific personal jurisdiction in California based on two letters because the letters individually targeted a California resident). Defendants' acts were intentional and aimed at a resident of Hawaii. These acts caused harm to Plaintiff as alleged in the Complaint. Given these actions, Defendants knew that this harm would have been suffered in Hawaii where Plaintiff resides. Accordingly, the Court concludes that Defendants' contacts with Hawaii are sufficient to show purposeful availment.

### b. Claims Arise Out of Forum Related Activities

The second requirement is that the claims asserted in the litigation arise out of the defendant's forum related activities. Panavision, Int'l, 141 F.3d at 1322 (citing Ziegler v. Indian River Cnty., 64 F.3d 470, 474 (1995)). This requires a showing that the plaintiff would not have been injured "but for" the defendant's conduct directed toward the forum. Id. Here,

but for Defendants sending the email and two letters to Plaintiff, Plaintiff would not have been subject to the violations of law alleged in the Complaint.  Accordingly, the Court concludes that the second requirement for specific personal jurisdiction is satisfied.

    **c.    Reasonableness**

The exercise of personal jurisdiction must be reasonable.  <u>Id.</u> (citing <u>Ziegler</u>, 64 F.3d at 474-75).  To determine reasonableness, the Court must balance seven factors: (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  <u>Core-Vent Corp. v. Nobel Indus. AB</u>, 11 F.3d 1482, 1487-88 (9th Cir. 1993) (citing <u>Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.</u>, 757 F.2d 1058, 1065 (9th Cir. 1985)).  Here, the Court finds the exercise of specific jurisdiction over Defendants is reasonable because one claim against Defendants arises under Hawaii law, Hawaii has a strong interest in protecting its citizens against unfair debt collection practices, and Defendants purposefully

8

directed their activities at Hawaii. Therefore, the Court's exercise of personal jurisdiction over Defendants is reasonable.

Based on the above analysis, the Court finds that it has both subject matter and personal jurisdiction over Defendants.

**B. <u>Eitel</u> Factors**

Having determined that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the <u>Eitel</u> factors.

**1. The Possibility of Prejudice to Plaintiff**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. <u>See</u> <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, considering Defendants' failure to respond or otherwise cooperate in this litigation, absent entry of default judgment, Plaintiff would be without another recourse for recovery. Accordingly, the first factor favors the entry of default judgment.

**2. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. <u>See</u> <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906. The second and third <u>Eitel</u> factors favor

default judgment where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure.  <u>See</u> Fed. R. Civ. P. 8; <u>Danning v. Lavine</u>, 572 F.2d 1386, 1389 (9th Cir. 1978).  As discussed below, the Court finds that Plaintiff's factual allegations sufficiently state a claim for relief.

    **a. FDCPA**

Defendants demanded payment for an alleged debt that Plaintiff did not owe.  FAC ¶¶ 6-15.  Defendants continued to make demands after Plaintiff disputed the debt in writing and provided proof of payment of the alleged debt to Defendants.  FAC ¶¶ 10-13.  Defendants are debt collectors within the meaning of the FDCPA.  FAC ¶¶ 4-5.  In seeking to collect the alleged debt, Defendants used "false, deceptive and misleading misrepresentations in connection with the collection" of the alleged debt in violation of 15 U.S.C. § 1692e.  FAC ¶ 17.  Defendants also used unfair means to attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.  <u>Id.</u>  Finally, Defendants did not send Plaintiff the required verification in violation of 15 U.S.C. § 1692g, which provides that after a consumer notifies the debt collector in writing that the debt is disputed, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt." <u>Id.</u>

b.  **Hawaii Revised Statutes Chapters 443B and 480**

Defendants are not properly registered in Hawaii as a collection agency in violation of Hawaii Revised Statutes Section 443B-3.  FAC ¶ 19-20.  Any violation of Chapter 443B is actionable under Section 480-2.  Haw. Rev. Stat. § 443B-20. Defendants' violations of Chapter 443 and the FDCPA constitute unfair and deceptive acts or practices in violation of Hawaii Revised Statutes Chapter 480.  FAC ¶ 21.  Additionally, Defendants' contacts, demands, and disclosures in connection with the alleged debt were "immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive," in violation of Chapter 480.  FAC ¶ 22.

The Court finds that Plaintiff's allegations, taken as true, are sufficient to establish that he is entitled to judgment against Defendants for violations of the FDCPA and Hawaii Revised Statutes Chapters 443B and 480.  Accordingly, these factors weigh in favor of default judgment.

3.  **Sum of Money at Stake**

The Court must consider the amount of money at stake in relation to the seriousness of Defendants' conduct.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiff seeks $24,247.28 in damages.  Plaintiff's damages request is tailored to Defendants' specific wrongful conduct in

attempting to collect the alleged debt. The Court finds that this factor weighs in favor default judgment.

### 4. Possibility of Dispute Concerning Material Facts

As noted above, the well pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18 (citing Geddes, 559 F.2d at 560). Here, given the sufficiency of the First Amended Complaint, no genuine dispute of material fact would preclude granting default judgment. Defendants have been given a fair amount of time to answer the First Amended Complaint and to deny the allegations; Defendants have not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, the Court finds that this factor favors default judgment.

### 5. Whether Default was Due to Excusable Neglect

The Court finds that Defendants' default was not the result of excusable neglect. "A defendant's conduct is culpable, rather than excusable, if the defendant received actual or constructive notice of the filing of the action and failed to answer." Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987). Here, Plaintiff asserts that he properly served the summons and First Amended Complaint on Defendants. See Return of Service by Decl. of John Harris Paer ¶¶ 2-3; Decl. of John Harris Paer submitted in support of Plaintiffs' Request for Entry of

Default ¶ 2. It does not appear that Defendants' default resulted from excusable neglect. Defendants did not file a response to Plaintiff's First Amended Complaint and have not appeared in this matter to date. The record suggests that Defendants' default was not the result of any excusable neglect, but rather due to Defendants' conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 6. Policy Favoring Decisions on the Merits

Defendants' failure to answer Plaintiffs' First Amended Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) (the mere existence of Rule 55(b) indicates that this factor is not dispositive). Here, Defendants have failed to defend this action and have consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendants.

### 7. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and

13

against Defendants. Based on all the Eitel factors discussed above, the Court finds that Plaintiff is entitled to default judgment.

### C. Damages

Having determined that default judgment should be entered against Defendants, the Court now turns to the matter of damages. Plaintiff must prove all damages sought. See Philip Morris USA, Inc., 219 F.R.D. at 498 ("Plaintiff is required to prove all damages sought in the complaint."). "[E]ven a defaulting party is entitled to have its opponent produce some evidence to support an award of damages." LG Elecs., Inc. v. Advance Creative Computer, 212 F.Supp. 2d 1171, 1178 (N.D. Cal. 2002). "[I]f the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." See Philip Morris USA, Inc., 219 F.R.D. at 498 (citing Cripps, 980 F.2d at 1267).

Here, Plaintiff requests $24,247.28 in damages, including $2,000.00 in statutory damages, $5,355.00 in actual damages, $10,000.00 in punitive damages, $6,533.28 in attorney's fees, and $359.00 in costs. Mem. in Supp. of Mot. at 5. Each of the requested categories of damages is addressed below.

### 1. Statutory Damages

Plaintiff requests the maximum $1,000 allowable under the FDCPA for statutory damages. See 15 U.S.C.

14

§ 1692k(a)(1)-(2)(A) (stating that the court may award "additional damages . . . not exceeding $1,000"); FAC at 5. In determining the amount of statutory damages to award under the FDCPA, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Based on the allegations in this action, the Court finds that the maximum amount is not justified. Although the allegations constitute violations of the applicable statutes, the alleged actions are not egregious. Defendants sent one email and two letters to Plaintiff's address within the space of one month. The correspondence from Defendants demands payment, but does not contain abusive threats, harassment, or evidence of other egregious behavior. Accordingly, the Court recommends that Plaintiff be awarded $500.00 in statutory damages under the FDCPA.

Under Hawaii Revised Statutes Section 480-13, Plaintiff "shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff sustained, whichever sum in the greater." Haw. Rev. Stat. § 480-13. Plaintiff requests damages in the amount of $1,000.00. See Mem. in Supp. of Mot. at 4. Accordingly, the Court recommends that Plaintiff be awarded $1,000.00 in statutory damages under Hawaii Revised Statutes Chapters 443-B and 480.

### 2. Actual Damages

In addition to statutory damages, under the FDCPA and Chapter 480, a plaintiff may recover actual damages sustained as a result of a defendant's conduct in violation of the statutes. 15 U.S.C. § 1692k(a)(1); Haw. Rev. Stat. §§ 443-B-3 and 480-2. Plaintiff requests $5,355.00 in actual damages, including $5,000 for emotional distress, $350.00 for the fair value of his time in responding to Defendants' email and letters, and $5.00 in mailing costs. Decl. of John Slater submitted in Supp. of Mot. ("Slater Decl.") ¶¶ 11-13. The Court finds that Plaintiff has not satisfied his burden to prove the requested amount of damages for emotional distress. Plaintiff states that he has suffered $5,000 in actual damages from "severe emotional distress in the form of headaches, stomach aches, loss of sleep, nervousness, anxiety, worry, embarrassment and stress." Slater Decl. ¶ 11. Aside from this one statement, Plaintiff provided no evidence to support his damages claim for emotional distress.[2] As required under the FDCPA, the Court also considers the frequency and persistence of noncompliance by Defendants, the nature of such noncompliance, and the extent to which such noncompliance was intentional. See

---

[2] The Court is unpersuaded by the decision in Clark v. Universal Debt Solutions, Inc., Civ. No. 07-00183 ACK-LEK (D. Haw. July 24, 2007), which is attached to the Motion. See Ex. B to Mot. Most of that decision appears to have been drafted as a proposed order by counsel. Also, the plaintiff in that action sought medical treatment for her emotional distress symptoms and was prescribed a tranquilizer. See id. at 3.

16

15 U.S.C. § 1692k(b). As noted above, Defendants' actions were not egregious. Given the lack of evidence presented by Plaintiff and the nature of the violations, the Court finds that Plaintiff has not proven his requested $5,000 in damages for emotional distress. See Mayes v. Credit Solutions Corp., No. CV 10-8104 PCT-DGC, 2011 WL 855634, at *2 (D. Ariz. Mar. 9, 2011) (denying the plaintiff's requested $10,000 in damages for emotional distress where the plaintiff only provided her own affidavit, did not seek medical attention, did not miss work, and provided no corroborating evidence of the effects of the distress). Based on the evidence presented by Plaintiff, the Court finds that Plaintiff has established damages of $350.00 for his time spent drafting the detailed letters in response to Defendants' communications and damages of $5.00 for mailing costs. See FAC Exs. B, D, and E; Slater Decl. ¶¶ 12-13.

### 3. Punitive Damages

Plaintiff requests $10,000 in punitive damages for the violations of the FDCPA. Mem. in Supp. of Mot. at 5; FAC at 5 (requesting an award of "exemplary damages" for Count I). Plaintiff does not provide any evidence or argument to support this claim for punitive damages. The FDCPA does not mention punitive damages and states that the court may award actual damages and "additional damages" not to exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A). Although the Ninth Circuit has not addressed

17

the issue, several courts in this circuit have held that "punitive damages are not recoverable under the FDCPA." Roundtree v. Atlantic Dev. and Inv., No. CV-09-269-PHX-DGC, 2009 WL 2132697, at *2 (D. Ariz. July 16, 2009) (citing Wood v. Midland Credit Mgmt., Inc., No. CV 053881 FMCMANX, 2005 WL 3159639, at *5 (C.D. Cal. July 29, 2005); Catalfamo v. Countrywide Home Loan, No. CV F 08-117 LJO TAG, 2008 WL 4158432, at *5 (E.D. Cal. Sept. 4, 2008)). Based on the language of the statute, the Court finds these opinions persuasive and finds that Plaintiff is not entitled to punitive damages.

**4. Attorney's Fees and Costs**

The FDCPA directs a court to award attorney's fees to a prevailing consumer. 15 U.S.C. § 1692k(a)(3). Reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

Plaintiffs seeks $6,533.28 in attorney's fees and

taxes, representing 20.8 hours of work performed by John Harris
Paer, Esq., at a rate of $300 per hour. See Ex. C to Decl. of
John Harris Paer ("Paer Decl."). Mr. Paer has been practicing
law for more than forty years. Paer Decl. ¶ 2. The Court finds
that Mr. Paer's requested hourly rate is reasonable. However,
the Court finds that some of the hours requested are not
compensable. Specifically, the 1.4 hours requested for tracking
the service letter, communicating with the court, and reviewing
court notices are not compensable. Ex. C to Paer Decl. at 2-3.
Clerical or ministerial costs, including costs for communicating
with the court and reviewing notices from the court regarding
hearings and deadlines, are part of the attorney's overhead and
are reflected in the hourly rate. See, e.g., Nicholas M. ex rel.
Laura M. v. Dep't of Educ., Haw., Civ. No. 09-00162 HG-LEK, 2010
WL 234862, at *5 (D. Haw. Jan. 21, 2010). The Court finds that
the remaining 19.4 hours requested were reasonably expended in
this case. The Court finds that Plaintiff is entitled to an
award of $6,094.24[3] in attorney's fees. The Court also finds
that Plaintiff is entitled to an award of $359.00 in costs
reasonably incurred in this action. See Ex. C to Paer Decl. at
3.

---

[3] 20.8 hours requested - 1.4 hours for clerical tasks = 19.4 hours x $300.00 per hour = $5,820.00 + $274.24 in Hawaii General Excise Tax (4.712%) = $6,094.24.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED as follows:

(1) Default judgment be entered in Plaintiff's favor and against Defendants;

(2) Plaintiff be awarded a total of $8,308.24 in damages, which includes $1,500.00 in statutory damages, $355.00 in actual damages, $6,094.24 in attorney's fees, and $359.00 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 20, 2012.

_____
Richard L. Puglisi
United States Magistrate Judge

**SLATER V. PRA RECOVERY, ET AL., CIVIL NO. 12-00290 HG-RLP; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT WAY POINT LAW GROUP BE GRANTED**